NOT FOR PUBLICATION

```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
                        CAMDEN VICINAGE
_____
                                :
ANTHONY BUSSIE et al.,          :
                                :   Civil Action No. 14-3210 (RMB)
              Plaintiffs,       :
                                :
         v.                     :
                                :
UNKNOWN CONGREESMAN             :
ROBERT E. ANDREWS, et al.,      :       MEMORANDUM OPINION
                                :           AND ORDER
              Defendants.       :
_____:
```

**BUMB, District Judge:**

     This matter comes before the Court upon the Clerk's receipt of a civil complaint ("Complaint") submitted by Anthony Bussie ("Bussie") without an application to proceed in this matter in forma pauperis and without prepayment of filing fee. See Docket Entry No. 1. The Complaint names Taron Bussie ("Taron") as co-plaintiff. See id. at 1, 5 and 7 (indicating that Taron is Bussie's nephew). Taron, being convicted of aggravated assault, resisting arrest and controlled substance offenses, was sentenced to a three-year residential community program, and is expected to be released on December 24, 2014. See https://www6.state.nj.us/ DOC_Inmate/results; see also http://www.state.nj.us/corrections/ SubSites/OCP/. Being housed at Fletcher House, in Camden, New Jersey, see id.; see also http://www.state.nj.us/corrections/

SubSites/OCP/OCP_RCRP_Information.html, Taron is not confined at the facility where Bussie is housed and, correspondingly, might be unaware of Bussie's submission of the Complaint.  Moreover, the Complaint bares only Bussie's signature accompanied by a notation reading, "Taron Bussie is inferior and fear[s] government, or can't trust NJ government."  Docket Entry No. 1, at 9.  Since Taron's in forma pauperis application is absent in Bussie's submission, this Court cannot establish Taron's interest in litigating this case with any degree of certainty.

In contrast, Bussie's interest in litigation is not in question.  Bussie was indicted for knowingly and willfully threatening to assault a Congressman.  See United States v. Bussie, Crim. Action No. 12-0229, Docket Entry 14.  On April 18, 2012, this Court held Bussie's § 4247(d) competency hearing.  See id., Docket Entry No. 15.  During the hearing, both parties moved for finding him incompetent to stand trial in light of the conclusions reached by a forensic psychology expert who examined him.  See id., Docket Entry No. 17.  This Court granted the parties' joint application and placed Bussie in temporary custody so to restore him to competency.  See id.  As of now, Bussie is in the process of being transferred to Butner Federal Medical Center for treatment.[1]  See id., Docket Entry No. 34.

---

[1] Meanwhile, he commenced numerous civil rights and § 2255 habeas actions.  See, e.g., Bussie v. Evans, Civil Action No. 13-4316; Bussie v. United States, Civil Action No. 14-2307; Bussie

As the content of the Complaint and Bussie's record in <u>United States v. Bussie</u>, Crim. Action No. 12-0229, indicate, his mental impediment greatly affects his litigation practices.  See <u>Hoffenberg v. Bumb</u>, 446 F. App'x 394, 400, n.4 (3d Cir. N.J. 2011) (directing an examination of the "record before this Court as to [the litigant's] mental health [as a source of] explanation for his actions in this proceeding, or in [his] other proceedings").  Since the Complaint arrived unaccompanied by Bussie's filing fee or his <u>in forma pauperis</u> application, the Court will deny Bussie <u>in forma pauperis</u> status without prejudice, and will direct the Clerk to administratively terminate this matter, reserving Bussie's opportunity to litigate

---

v. New Jersey, Civil Action No. 14-2719; <u>Bussie v. United States</u>, Civil Action No. 14-2932; <u>see</u> <u>also</u> <u>Bussie v. Bush</u>, Civil Action No. 09-6516; <u>Bussie v. Bush</u>, Civil Action No. 10-4555; <u>Bussie v. Bush</u>, Civil Action No. 10-4594; <u>Bussie v. United States</u>, Civil Action No. 11-0098; <u>accord</u> <u>Conjured up Entertainment v. United States</u>, Civil Action No. 11-11475 (commenced on behalf of Bussie and a juridical entity upon assertion that the United States owed Bussie $55 million for intelligence he provided to President Bush); <u>Conjured up Entertainment v. United States</u>, Civil Action No. 11-1854 (same); <u>Conjured up Entertainment v. United States</u>, Civil Action No. 11-2076 (same); <u>Conjured up Entertainment v. United States</u>, Civil Action No. 11-2322 (same); <u>Conjured up Entertainment v. United States</u>, Civil Action No. 11-2824 (same); <u>Conjured up Entertainment v. United States</u>, Civil Action No. 11-2751 (same);  <u>Conjured up Entertainment v. Clinton</u>, Civil Action No. 12-1894 (same, as to President Clinton).  His civil rights claims have invariably been dismissed for failure to state a claim and terminated until his restoration to competency, <u>see</u>, e.g., <u>Bussie v. New Jersey</u>, Civil Action No. 14-2719, Docket Entry No. 2, while his § 2255 claims have been dismissed as premature.  See <u>Bussie v. United States</u>, Civil Action No. 14-2932; <u>Bussie v. United States</u>, Civil Action No. 14-2307.

3

his challenges, if any, once he is restored to competency. In addition, mindful of Bussie's naming Taron as co-plaintiff, this Court finds it warranted to highlight to Bussie and Taron the key deficiencies of the Complaint. Bussie's allegations and request for relief indicate his interest in: (a) raising claims on behalf of Taron; (b) challenging his and Taron's prior convictions in state forum; and (c) seeking his and Taron's release from current confinement. See Instant Matter, Docket Entry No. 1, at 7-9. However, Bussie cannot raise claims on behalf of Taron, since nothing in the record suggests that Taron suffers of lack of capacity to litigate on his own. See Whitmore v. Arkansas, 495 U.S. 149, 154-55 (1990). Analogously, requests for release cannot be raised in a civil action, since an application for a writ of habeas corpus is the sole avenue for seeking release or a reduction in duration of confinement. See Preiser v. Rodriquez, 411 U.S. 475, 500 (1973). Finally, an application for damages on the basis of a prior conviction is necessarily premature until that "conviction . . . has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

    IT IS, therefore, on this **21st** day of **May 2014**,

**ORDERED** that Plaintiffs' applications to proceed in this matter in forma pauperis, if such were implied, are denied without prejudice; and it is further

**ORDERED** that the Clerk shall terminate Taron Bussie as plaintiff in this matter; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading, "ANTHONY BUSSIE'S IFP APPLICATION IS DENIED WITHOUT PREJUDICE. CIVIL CASE TERMINATED. ANTHONY BUSSIE MAY REOPEN THIS MATTER, IF HE ACTS DILIGENTLY UPON HIS RESTORATION TO COMPETENCY, PROVIDED THAT HE PREPAYS HIS FILING FEE OR SUBMITS HIS IFP, TOGETHER WITH HIS AMENDED COMPLAINT"; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Anthony Bussie by regular U.S. mail; and it is further

**ORDERED** that the Clerk shall commence a new and separate matter designating "Taron Bussie" as "Plaintiff," "John Doe" as "Defendant," "Cause" as "42:1983 Prisoner Civil Rights" and "Nature of Suit" as "550 Prisoner: Civil Rights"; and it is further

**ORDERED** that the Clerk shall assign this newly commenced matter to the undersigned; and it is further

**ORDERED** that the Clerk shall administratively terminate this newly commenced matter by making a separate entry on the docket of that matter, reading, "CIVIL CASE TERMINATED"; and it is further

**ORDERED** that Taron Bussie may have his newly commenced matter reopened if he prepays his $400 filing fee or submits his complete in forma pauperis application, together with his amended complaint stating his own claims, provided that such submissions are made within thirty days from the date of entry of this Memorandum Opinion and Order; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Taron Bussie addressing it to, "Taron Bussie, SBI No. 000761582C, Fletcher House, 517 Penn Street, Camden, New Jersey 08102," and include in said mailing: (a) the docket sheet generated in the newly commenced matter; (b) a blank in forma pauperis application for incarcerated individuals seeking to commence a civil action; and (c) a blank civil complaint form. Such service shall be executed by regular U.S. mail; and it is finally

**ORDERED** that no statement made in this Memorandum Opinion and Order shall be construed as expressing this Court's position that Plaintiffs' amended complaints, if such are filed, would be procedurally proper (or improper) or substantively meritorious (or meritless).

<pre>
                              s/Renée Marie Bumb
                              <b>RENÉE MARIE BUMB</b>
                              <b>United States District Judge</b>
</pre>